**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS     SAN ANTONIO DIVISION**

FILED



JUL 1 4 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

---

ROBERT ROLLO,

    **Plaintiff,**

v.

**GEORGE P. ESCOBEDO; CARABIN &**
**SHAW, P.C.; CARABIN SHAW,**

    **Defendants.**

**COMPLAINT**

**SA17CA0645 FB**

---

ROBERT ROLLO, plaintiff, by his attorney, Michael A. Rosenhouse, complains of defendants as follows:

1.    This is an action for legal malpractice.

2.    This is essentially a re-filing of an action filed in the U.S. District Court for the Southern District of New York on or about September 2, 2016. Rollo v. Escobedo, et al., no. 16-cv-6923. That action was dismissed without prejudice based on lack of personal jurisdiction. Rollo v. Escobedo, et al., 2017 WL 2600107 (S.D.N.Y., June 15, 2017). No appeal is being taken from that order.

3.    This Court has jurisdiction under 28 U.S.C. § 1332, in that (a) plaintiff is and at all relevant times has been a citizen of Scotland, United Kingdom; defendants are and at all relevant times have been citizens of the State of Texas, United States of America; and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

1

4.      Venue is proper in the Western District of Texas under 28 U.S.C. §1391(b)(1) in that all defendants are residents of said district.

5.      On information and belief, at all relevant times, defendant George P. Escobedo ("Escobedo") was an attorney licensed to practice law in the State of Texas, with offices in San Antonio, Texas.  On information and belief, Escobedo was at all relevant times with, the law firm of defendant Carabin Shaw, a partnership or professional corporation; on information and belief, the law firm Carabin Shaw is identical with, or is the successor in interest to, the defendant law firm defendant Carabin & Shaw, P.C., a professional corporation.   On information and belief, all defendants at all relevant times were or are doing business in San Antonio, Texas.

6.      Defendants law firms are vicariously liable for the negligent acts, errors, and omissions of defendant Escobedo in connection with legal services rendered to plaintiff, in that defendant Escobedo had actual or apparent authority from Carabin Shaw.

7.      As a result of the attorney-client relationship between plaintiff and Escobedo, defendants had a fiduciary duty to plaintiff and a duty to represent plaintiff in a proper, skillful, and diligent manner.

8.      On or about January 30, 2005, plaintiff suffered foot injuries as a result of an accident occurring while plaintiff was doing construction work for Kellogg Brown & Root, a U.S. defense contractor, at Al Assad, a U.S. defense base in Iraq, in connection with military activities then underway in Iraq.   He nevertheless returned to work for four months following the accident.  The accident and injuries were reported under the Defense Base Act, 42 U.S.C. § 1701 et seq., on or about June 2, 2006, and were and

2

are compensable under the provisions of the Longshore and Harbor Workers' Compensation Act pursuant to 42 U.S.C. §§ 1651, 1702.   As a result of injuries suffered in connection with the aforesaid accident, plaintiff has been unable to work at gainful employment, and has not in fact worked at gainful employment, since returning from Iraq in 2005.  His disability has been and remains permanent and total, and he has been taking a vast amount of medication to alleviate the substantial pain he has suffered.

9.      After his accident in 2005, plaintiff contacted Carabin Shaw and was referred to Escobedo at the same telephone number, to represent plaintiff in connection with his claim, arising from such accident and injuries, under the Longshore and Harbor Workers' Compensation Act and Defense Base Act.

10.      Plaintiff's claim in the Office of Workers' Compensation Programs of the U.S. Department of Labor (OWCP No. 12-142316), was contested, and the insurance carrier, on information and belief, sought, or declared it would seek, "special fund" relief under 33 U.S.C. § 908(f), which relief, if granted, on information and belief, would have the effect of removing the carrier from the negotiations, making it necessary to apply to the Department of Labor for any fee recovery.  On information and belief, at all relevant times, "special fund" relief had not been granted, but remained possible.

11.      Mediation proceedings were held in Edinburgh, Scotland on or about September 6, 2013.  Following the mediation proceedings, a Settlement Agreement, dated October 9, 2013, was drafted and signed.   Appended to the Agreement was an affidavit bearing plaintiff's signature and reciting that the terms of the agreement had been explained to plaintiff by his attorney,  However, in fact, the terms of the settlement

agreement were never explained to plaintiff by his attorney, and plaintiff did not fully understand the terms of the agreement.  A copy of the Settlement Agreement is attached hereto as Exhibit A.

12.     While being represented by Escobedo, plaintiff was at all relevant times permanently and totally disabled within the meaning of the relevant statutory provisions, and indisputably so, such that his claim should never have been compromised.

13.     On November 21, 2013, a formal amended order approving the settlement agreement was signed by the District Director of the U.S. Dept. of Labor, Office of Workers' Compensation Programs, Division of Longshore and Harbor Workers' Compensation.  A copy of said order is attached hereto as Exhibit B.

14.     Defendant Escobedo failed to advise Rollo adequately concerning the strength of his case and the inadvisability of compromising it.  On the contrary, before, during and after the mediation proceedings and the negotiation of the settlement agreement, Escobedo did nothing to discourage, and in fact knowingly countenanced and supported, a substantial amount of communication directly between plaintiff and the insurance carrier in the period leading up to the mediation.   Plaintiff was pressured to accept the settlement agreement.

15.     Escobedo failed to advise plaintiff adequately concerning the settlement agreement that was discussed and drafted during and after the mediation proceedings. Escobedo never explained the terms of the agreement to plaintiff, nor the significance of the attachments to the agreement.   Escobedo failed to discuss with plaintiff the existence and value of plaintiff's option to reject the settlement tendered by the

4

insurance carrier, and he inadequately advised plaintiff concerning the substance and effect of the agreement itself.

16.     The terms of the agreement itself were misleading, making advice of counsel particularly necessary in the circumstances:   The agreement exaggerated the value of the settlement, misleadingly suggested that certain funds were being set aside for future medical expenses, and made the defendants' legal position and negotiating leverage appear, to a layman such as the plaintiff, much stronger than it actually was.

17.     In acting or failing to act as aforesaid, defendant Escobedo failed to represent plaintiff in a proper, skillful and diligent manner, and Escobedo violated his fiduciary duty to plaintiff, placing a higher priority on recovering an attorney's fee than on the interests of plaintiff, his client.

18.     The aforesaid violations of duty were not discovered by plaintiff and could not reasonably have been discovered by him, until on or about the date plaintiff filed suit in the Southern District of New York, after counsel other than Escobedo reviewed the settlement agreement and documentation.

19.     On or about February 24, 2017, plaintiff filed with the U.S. Department of Labor, Second District Director of the Office of Workers Compensation Programs, a petition to set aside, as inadequate, the Amended Compensation Order of November 21, 2013, approving the aforesaid settlement.  It is plaintiff's contention there – and here – that the documentation of the settlement itself establishes plaintiff's permanent and total disability under the relevant statute.  Plaintiff's petition to the District Director was denied by the District Director on procedural grounds, and an appeal is now pending before the Benefits Review Board, U.S. Department of Labor.

20.     As a direct and proximate result of the foregoing, plaintiff has been damaged in the amount of the difference between the settlement and the benefits he deserved as permanently and totally disabled.  Plaintiff has been impeded in recovering the amount to which he is entitled under the Longshore and Harbor Workers Compensation Act on account of his injuries and disability arising from the aforesaid accident.  Plaintiff has suffered and will continue to suffer substantial financial loss and has suffered and will continue indefinitely to suffer severe physical and emotional pain, anguish, and distress.

21.     Plaintiff demands trial by jury.

WHEREFORE, plaintiff prays as follows:

a)  That the Court enter judgment in plaintiff's favor and against defendants in the minimum amount of $1,000,000;

b)  That the Court enter judgment in plaintiff's favor and against defendants in an amount to be determined for plaintiff's mental anguish, pain and suffering that would have been avoided through proper handling of the matter;

c)  That the Court enter judgment in plaintiff's favor and against defendants for exemplary damages in a suitable amount; and

d)  That the Court award plaintiff his attorneys fees and expense of this action; and

e)  That the Court grant such other and further relief as it deems appropriate.


ROBERT ROLLO,
Plaintiff


By _____
Michael A. Rosenhouse
Attorney for plaintiff
510 Clinton Square
Rochester, NY 14604
585-232-8500
mar@rosenhouselaw.com