UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERT ROLLO,**

    *Plaintiff*,

v.                                           Case No. SA-17-CV-00645-JKP

**GEORGE P. ESCOBEDO;**
**CARABIN & SHAW, P.C.;**
**CARABIN SHAW,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court are motions for summary judgment filed by the parties. ECF Nos. 59, 60, 74. With the filing of responses, replies, and briefing discussing the impact of the U.S. Department of Labor (DOL) Benefits Review Board decision (ECF Nos. 81-85, 94-99), the motions are ripe for ruling. For the reasons set forth below, the Court grants Defendants' motions and denies Plaintiff's motion.

### I. BACKGROUND

Plaintiff brings claims for legal malpractice and breach of fiduciary duty against his former attorney George P. Escobedo and the law firm of Carabin & Shaw, where Escobedo was "of counsel." ECF No. 26. Plaintiff suffered a workplace injury in Iraq on January 29, 2005 while working for a U.S. defense base contractor. ECF No. 74 at 4. Escobedo represented Plaintiff in his workers compensation claim from 2006 until the claim was settled and the DOL issued an order approving the settlement agreement. *Id.* at 4-5; 59 at 3.

Plaintiff first filed claims against Defendants on September 2, 2016, in the Southern District of New York. ECF No. 74 at 5. That action was dismissed for lack of personal jurisdiction,

*Rollo v. Escobedo, et al*, No. 16-cv-6923, 2017 WL 2600107 (S.D.N.Y. June 15, 2017). This action was filed July 14, 2017, and assigned to the Honorable Fred Biery. ECF No. 74 at 5.

On February 24, 2017, Plaintiff filed with the DOL a "Petition to Set Aside as Inadequate" the DOL's order approving the settlement. ECF No. 74 at 5. After some procedural hurdles, the petition was transferred to the Office of Administrative Law Judges on April 19, 2018. ECF Nos. 29 at 2; 74 at 5. On August 22, 2019, this Court stayed and administratively closed this action in deference to the DOL proceedings. ECF No. 87. On August 27, 2019, Judge Biery transferred this action to the undersigned. ECF No. 88.

On April 14, 2021, the parties informed the Court that the DOL proceedings had concluded. In accordance with Judge Biery's August 2019 Order (ECF No. 87), this Court directed the parties to file briefs regarding the impact of the DOL's decision on this litigation. ECF No. 93. By May 21, 2021, the parties had filed said briefing.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier

of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted).

### III. DISCUSSION

**1. Legal Malpractice**

"In Texas, a legal malpractice claim sounds in tort and is evaluated based on negligence principles. A plaintiff must prove four elements to recover: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach proximately caused the plaintiff injury; and (4) damages resulted." *Streber v. Hunter*, 221 F.3d 701, 722 (5th Cir. 2000); *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex. 1995). Duty is defined as "reasonably prudent," *Rogers v. Zanetti*, 518 S.W.3d 394, 406 (Tex. 2017); it does not demand perfection,[1] *Cosgrove v. Grimes,* 774 S.W.2d 662, 664–65 (Tex. 1989). Expert testimony is generally necessary to establish

---

[1] "If an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable." *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex. 1989). In other words, "[a]n attorney who makes a reasonable decision in the handling of a case may not be held liable if the decision later proves to be imperfect." *Id.*

duty, breach, and causation. *Streber*, 221 F.3d at 722-24. Exceptions to this rule are rare, such as an obvious lack of care and skill, an instance of egregious negligence, or where the causal link is within a jury's common understanding. *Sprowl v. Dooley*, No. 05-06-00359-CV, 2007 WL 1330447, at *2 (Tex. App.—Dallas [5th Dist.] 2007, no pet.) (duty); *Geiserman v. MacDonald*, 893 F.2d 787, 794 (5th Cir. 1990) (breach); *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 120 (Tex. 2004) (causation); *see also Yager v. Clauson*, 166 N.H. 570, 573 (2014) (commenting that there may be situations in which expert testimony is unnecessary, such as where "an attorney's negligence is so patent and conclusive that reasonable persons can reach only one conclusion").

Plaintiff's legal malpractice claim asserts that Defendant Escobedo committed malpractice by persuading him to settle his workers compensation claim, instead of taking it to trial. ECF No. 74. Plaintiff contends Escobedo's ignorance of worker's compensation statutes, his failure to read pertinent documents, and his personal desire to settle the case caused Escobedo to provide an "erroneous legal opinion or advice" and influence Plaintiff to settle the case. *Id.* at 37. As a result, Plaintiff received a smaller cash award than he would have received had he been awarded permanent and total disability benefits. *Id.*

Defendant Escobedo's first basis for summary judgment on Plaintiff's legal malpractice claim is that Plaintiff failed to designate an expert to establish the standard of care (duty), breach, and causation. ECF No. 59 at 4. And in this case, where duty, breach, and causation are not within the common knowledge of jurors, an expert is required to prove these elements. *Id.* Plaintiff asserts that expert testimony regarding breach and causation is unnecessary because there are "no potential issues relating to 'tactical choices' in negotiation, settlement, or trial;" indeed, "breach and causation are self-evident." ECF Nos. 74 at 40; 85 at 8. And, in any event, the Court should conduct a

"trial-within-a-trial"[2] analysis because the evidence shows that Plaintiff is "indisputably entitled" to receive compensation for his permanent disability. ECF No. 74 at 5-6, 40. In other words, but-for Escobedo's malpractice, Plaintiff would have prevailed on his claim at trial. *Id.*

Courts deploy the trial-within-a-trial methodology when the legal malpractice action arises from prior litigation. *Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017) (citing *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013)). The analysis involves "recreating" the underlying trial. *Id.* (quoting 4 Ronald E. Mallen, Legal Malpractice § 33:7 at 673 (2017)). Here, the underlying workers compensation claim did not proceed to trial; Plaintiff settled his claim. The potential outcome of a trial would have been one consideration in a myriad of considerations that go into deciding whether to pursue settlement or proceed to trial. The gist of Plaintiff's argument for conducting a trial-within-a-trial analysis is that winning at trial was such a foregone conclusion that anyone, including the ordinary juror, could see that the case should not have been settled.

Plaintiff's briefing does not show that winning at trial was certain, only that it was possible. The language in the briefing is particularly telling, e.g., "Indeed, *common sense suggests* that pain, medications, and medication side-effects would be the primary considerations that would cause a 'scheduled injury' to be totally disabling." ECF No. 74 at 15-16 (emphasis added). "However, the finely-stated qualifiers referring to 'disability to the body part' *leave open the possibility* that an injury to a scheduled body part *could* nevertheless be found to be totally disabling . . . ." *Id.* at 13 n.27 (emphasis added).

And at trial, evidence, such as the observations of Plaintiff's physicians and the opinions of any medical experts, would be subject to the interpretation of the fact finder, which might be influenced by the credibility of these witnesses. For example, Plaintiff's briefing points out a

---

[2] Also referred to as "case-within-a-case" or "suit-within-a-suit." *See, e.g. Marteny v. Coon*, No. 09-19-00019-CV, 2020 WL 5666567, at *4 (Tex. App.—Beaumont 2020, no pet.).

potential difference of opinion as to the "significance of the carrier's orthopedist's letters." *Id.* at 20-21. According to Plaintiff, Escobedo failed to "sense any particular legal significance to the language used by [the doctor] in his letters, which was manifestly geared toward bringing Plaintiff's situation within the aggravation rule" and viewed the letters negatively. *Id.* Plaintiff contends the letters should have been read as "supportive" of Plaintiff's worker compensation claim. *Id.*

Additionally, as Defendants point out, the case settled before discovery was complete. Therefore, this Court would not be recreating a trial, but convening a trial. Consequently, the trial-within-a-trial methodology is not appropriate in this case.

If, under the circumstances in this case, no reasonably prudent attorney would have recommended settlement, Plaintiff might be entitled to a trial or a hearing on damages. But determining what a reasonably prudent attorney would recommend in the situation alleged requires knowledge that is beyond the experience of an ordinary juror. While the Fifth Circuit has acknowledged that there may be "instances of egregious negligence that are obvious to a lay person or established as a matter of law, [for which] expert testimony is not required," this is not such an instance. *Geiserman*, 893 F.2d at 794; *Curb Records v. Adams & Reese L.L.P.*, 203 F.3d 828, 1999 WL 1240800, at *4 (5th Cir. 1999) (per curiam) (applying Louisiana law).

Plaintiff's briefing makes clear that the decision to settle or proceed to trial was substantially more complex than, for example, allowing the statute of limitations to run or failing to respond to requests for admissions. Plaintiff's claim, therefore, requires expert testimony to establish the elements of legal malpractice. *See, e.g., Cantu v. Horany*, 195 S.W.3d 867, 874 (Tex. App.—Dallas 2006, no pet.) (legal expert testimony alone was insufficient to establish the probability of success in the underlying medical malpractice action; medical expert testimony was required to show that plaintiffs would have prevailed); *see also Francisco v. Foret*, No. 05-01-00783-CV,

2002 Tex. App. LEXIS 2610, 2002 WL 535455, at *2 (Tex. App.—Dallas 2002, pet. denied) (requiring expert testimony to establish standard of care where the attorney was alleged to have failed to understand medical malpractice law, mishandled the case, and made misstatements of the applicable law); *Longaker v. Evans*, 32 S.W.3d 725, 735 (Tex. App.—San Antonio 2000, no pet.) (requiring expert testimony to establish that the attorney "failed to exercise the care of a reasonably prudent lawyer when advising [his client] in connection with her estate").

Because summary judgment in favor of Defendant Escobedo is appropriate under the first basis he asserts in his motion, the Court need not reach his alternative bases for summary judgment.

**2. Breach of Fiduciary Duty**

"The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant;" (2) breach of the fiduciary duty; and (3) a causal connection between the breach and either "injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). The lawyer-client relationship imposes fiduciary duties on the lawyer as a matter of law. *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) (citation omitted). The focus of a breach of fiduciary duty claim against an attorney is whether the attorney obtained an improper benefit from representing the client, such as "failure to deliver funds belonging to the client, improper use of client confidences, or engaging in self-dealing." *Aiken v. Hancock*, 115 S.W.3d 26, 28 (Tex. App.—San Antonio 2003, pet. denied).

It is well-settled that Texas law "does not permit a plaintiff to divide or fracture her legal malpractice claims into additional causes of action." *Goffney v. Rabson*, 56 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citations omitted). "Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice." *Gallagher v. Wilson*, No. 2-09-376-

7

CV, 2010 WL 3377787, at *6 (Tex. App.—Ft. Worth [2nd Dist.] 2010, no pet.) (citing *Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Thus, "a plaintiff cannot assert a breach of fiduciary duty claim against an attorney when such a claim is merely duplicative of an also-alleged legal malpractice claim." *In re Cyr*, No. SA-19-CV-1498-FB, 2020 WL 10731249, at *4; 2020 U.S. Dist. LEXIS 257924, at *11 (W.D. Tex. June 8, 2020). "Such a claim would be improperly 'fractured' from the legal malpractice cause of action." *Id.* (quoting *Smith v. O'Donnell*, 288 S.W.3d 417 (Tex. 2009)). Courts look to the substance of the claims to determine "whether a plaintiff has presented a separate claim, or merely recast and repeated a negligence claim." *Id.* (quoting *Saldana-Fountain v. Chavez Law Firm*, 450 S.W.3d 913, 918 (Tex. App.—El Paso 2014, no pet.)).

Here, the factual allegations that support Plaintiff's legal malpractice claim against Escobedo also form the basis for his breach of fiduciary duty claim against the law firm; the claims are substantively indistinguishable. *See* ECF No. 26. Accordingly, Plaintiff's breach of fiduciary claim is a fractured legal malpractice claim and summary judgment in favor of Defendant Escobedo is appropriate. *See Brescia v. Slack & Davis, L.L.P.*, No. 03-08-00042-CV, 2010 Tex. App. LEXIS 9204, at *37, 2010 WL 4670322, at *12 (Tex. App.—Austin [3rd Dist.] 2010, pet denied) (affirming summary judgment on breach of fiduciary duty claims that were "essentially dressed-up professional-negligence claims").

### 3. Vicarious Liability

Plaintiff brings a claim for vicarious liability against law firm Carabin & Shaw PC / Carabin Shaw predicated on the claims alleged against Escobedo. Because Plaintiff's vicarious liability claim is dependent on his failed claims against Escobedo, summary judgment in favor of the law firm is appropriate. *See Harris v. Kareh*, No. 01-18-00775-CV, 2020 WL 4516878, at *14; 2020

Tex. App. LEXIS 6216, at *45 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (observing that because the plaintiff's health care liability claim against her doctor was barred as a matter of law, she could never prevail on her claim for vicarious liability against the hospital, "as it depend[ed] on her direct health care liability claim against [her doctor]"); *see also Checkley v. Boyd*, 170 Or. App. 721, 744 (2000) (affirming dismissal of a vicarious liability claim against the church congregation because its viability depended on the failed claim against the church members; and on appeal post-remand, finding the individual church members were not acting as agents of the congregation, 198 Or. App. 110, 137 (2005)). Because Plaintiff cannot prevail on his claim for vicarious liability against the law firm, the Court does not reach the firm's arguments denying the existence of an employer-employee relationship and disputing any evidence of actual or apparent authority regarding Escobedo's affiliation with the firm.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant George P. Escobedo's motion for summary judgment (ECF No. 59), **GRANTS** Defendant Carabin & Shaw PC and Carabin Shaw's motion for summary judgment (ECF No. 60), and **DENIES** Plaintiff's motion for summary judgment (ECF No. 74). Defendant Carabin & Shaw's motion to strike (ECF No. 83) is moot. A separate final judgment will issue contemporaneously herewith.

**It is so ORDERED this 13th day of December 2021.**

*[signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**